IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JONATHAN A. BLANTON, SR., ) <br> AIS #228318, ) <br> ) <br>     Plaintiff, ) <br> ) <br>     v. ) <br> ) <br> ) <br> EASTERLING CORRECTIONAL ) <br> FACILITY, et al., ) <br> ) <br>     Defendants. ) | CIVIL ACTION NO. 2:10-CV-31-TMH <br> [WO] |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 action, Jonathan A. Blanton, Sr. ["Blanton"], a state inmate, challenges the constitutionality of actions taken against him during his confinement at the Easterling Correctional Facility. The plaintiff names the aforementioned correctional facility as a defendant in this cause of action.

Upon review of the complaint, the court concludes that the plaintiff's claims against the Easterling Correctional Facility and his allegations regarding threatening and abusive language are due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] The court granted Blanton leave to proceed *in forma pauperis*. *Court Doc. No. 3*. A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

# I. DISCUSSION

## A. The Easterling Correctional Facility

A correctional facility is not a legal entity subject to suit or liability under 42 U.S.C. § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Thus, the plaintiff's claims lodged against the Easterling Correctional Facility are due to be summarily dismissed. *Id.*

## B. Threats and Derogatory Language

Blanton, a Caucasian inmate, complains the defendants made "racial comments toward" him and threatened him with physical harm. *Plaintiff's Complaint - Court Doc. No. 1* at 3 (defendants referred to plaintiff as a "Kracker" and "threaten[ed] to beat [his] white ass.").

An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981). The statements and comments about which the plaintiff complains, standing alone, do not violate the Constitution or any federal law. *Cf. Paul v. Davis*, 424 U.S. 693 (1976). Threatening, derogatory or abusive comments made by correctional officers to an inmate do not rise to the level of a constitutional violation. *Sepulveda v. Burnside*, 170 Fed. Appx. 119, 124 (11th Cir. 2006) (reference to plaintiff "as a 'snitch' in the presence of other

inmates" does not rise to the level of a constitutional violation); *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (verbal taunts directed at plaintiff do not violate his constitutional rights); *McFadden v. Lucas*, 713 F.2d 143; 147 (5th Cir. 1983) (threatening demeanor of officers undertaken "to enforce reasonable security needs are not violative of a prisoner's constitutional rights."); *see also Johnson v. Glick*, 481 F.2d 1028 (2nd Cir. 1973).

In light of the foregoing, the court concludes that the threats and derogatory language about which Blanton complains fail to demonstrate that the defendants deprived the plaintiff of any right, privilege or immunity protected by the Constitution or violated federal law. Consequently, the claims arising from the use of threatening and derogatory comments are frivolous as they lack an arguable basis in law. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2] Such claims are therefore subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Easterling Correctional Facility be dismissed with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The Easterling Correctional Facility be dismissed as a defendant in this cause of

---

[2] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

action.

3. The plaintiff's allegations of threatening and derogatory language be dismissed with prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

4. This case, with respect to the equal protection, due process and use of force claims lodged against defendants Davenport, Drake, Campbell and Bell, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or January 28, 2010 the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

DONE this 13th day of January, 2010.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE