IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JONATHAN A. BLANTON, SR., #228318, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:10-CV-31-MHT |
| ) | [WO] |
| ) | |
| CARTER F. DAVENPORT, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Jonathan A. Blanton, Sr. ["Blanton"], a state inmate, in which he challenges actions taken against him by correctional officials during his confinement at the Easterling Correctional Facility. Blanton is now confined in the mental health unit at the Bullock County Correctional Facility. *Plaintiff's Notice of Change of Address - Court Doc. No. 12*. On October 6, 2010, Blanton filed a motion for preliminary injunction in which he requests that the defendants be enjoined from threatening, harassing, abusing or communicating with him. *Court Doc. No. 24* at 2. Blanton also seeks an order requiring that "the defendants stay away from the plaintiff" and preventing his transfer to Easterling Correctional Facility. *Id*.

**I. STANDARD OF REVIEW**

The decision to grant or deny a preliminary injunction "is within the sound

discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Blanton demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306  *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983).  "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make

preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir.1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

## II. DISCUSSION

Turning to the the first prerequisite for issuance of preliminary injunctive relief, the court finds that Blanton has not established a substantial likelihood of success on the merits of the claims underlying his request for issuance of a preliminary injunction. With respect to the second factor, Blanton fails to demonstrate a substantial threat that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction as the record before does not indicate the defendants pose any threat of danger to Blanton. The third factor, balancing potential harm to the parties, appears to weigh more heavily in favor of the defendants because issuance of the requested injunction would have an unduly adverse affect on the ability of correctional personnel to exercise their professional judgment in the daily operation of the prison system. Finally, the public interest element of the equation likewise favors the defendants at this juncture. Thus, Blanton has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of a preliminary injunction and the court concludes that the motion for preliminary injunction is due to be denied.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff be DENIED.

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before October 20, 2010 the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are further advised that this Recommendation is not a final order of the court and, therefore, it is not appealable. Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues addressed in the Recommendation and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 6th day of October, 2010.

        /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE